UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| CHRISTIE MCBRIDE and ANITA LEDESMA, individually and on behalf of similarly situated persons, | Case No. 1:23-cv-00540 |
| Plaintiffs, | Hon. |
| Y & W CORP., d/b/a The Tangy Crab, OHANA SUSHI CORP. d/b/a Ohana Sushi, Z & W RESTAURANTS, INC., d/b/a Tangy Crab of Flint, and JOHN DOES 1-10, | |
| Defendants | |

_____

David M. Blanchard (P67190)
Kelly R. McClintock (P83198)
BLANCHARD & WALKER PLLC
Attorneys for Plaintiffs
221 N. Main Street, Suite 300
Ann Arbor, MI 48104
(734) 929-4313
blanchard@bwlawonline.com
mcclintock@bwlawonline.com

_____

### PLAINTIFFS' ORIGINAL CLASS ACTION COMPLAINT AND JURY DEMAND

This case involves violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and Michigan Minimum Wage Law. Plaintiffs Christie McBride and Anita Ledesma worked as tipped employees for Defendants. Defendants violated the FLSA and Michigan Minimum Wage Law by maintaining

an unlawful tip pooling arrangement. This unlawful action violated the minimum wage and overtime provisions of the FLSA and Michigan Minimum Wage Law.

## NATURE OF THE CASE

1. Plaintiffs worked for Defendants at their restaurants as customarily tipped employees. Throughout their employment, Defendants did not pay Plaintiffs the minimum wage under state and federal law. Instead, Defendants paid sub-minimum wage utilizing a "tip-credit system"—a system for which they did not qualify. Moreover, Defendants unlawfully redirected tips to benefit management and pay non-customarily tipped employees.

2. Plaintiffs bring this lawsuit individually and as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and as a FED. R. CIV. P. 23 class action under the Michigan Minimum Wage Law applicable over the relevant time period (*e.g.*, the Michigan Workforce Opportunity Wage Act ("WOWA"), MCL 408.411 *et seq.*, and the Michigan Improved Workforce Opportunity Wage Act ("IWOWA"), MCL 408.931 *et seq.*) (collectively, "Michigan Minimum Wage Law") against Defendants for damages resulting from Defendants' failure to pay minimum wage and overtime wages.

## JURISDICTION AND VENUE

3. The FLSA authorizes court actions by private parties to recover damages for violation of its wage and hour provisions. Jurisdiction over Plaintiffs'

FLSA claim is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question jurisdiction). This Court exercises jurisdiction over Plaintiffs' Michigan Minimum Wage Law claim under 28 U.S.C. § 1367 (pendent claims), MCL 408.419(1)(a), and MCL 408.939(a)(1).

4. Venue in this district is proper under 28 U.S.C. § 1391 because Defendants operate their restaurants, Tangy Crab and Ohana, in this district, Defendants employed Plaintiffs and the putative collective and class in this district, and because all or a substantial part of the events giving rise to the claims herein occurred in this District.

**PARTIES**

5. Plaintiff Christie McBride is an individual adult resident of the State of Michigan. Plaintiff McBride worked for Defendants at their Tangy Crab and Ohana Sushi locations from approximately May 2021 to April 2022. Plaintiff McBride worked as a server and tipped employee for Defendants throughout her employment.

6. Plaintiff Anita Ledesma is an individual adult resident of Lansing, Michigan. Plaintiff Ledesma worked for Defendants at their Tangy Crab location in Lansing, Michigan from approximately June 15, 2021 to October 30, 2022. Plaintiff Ledesma worked as a server and tipped employee for Defendants throughout her employment.

7. Throughout their employment as tipped employees, Defendants paid

Plaintiffs only a sub-minimum wage (less than the federal minimum wage of $7.25 per hour) for all hours worked, relying on the tip-credit exemption from federal and state law.

8. Plaintiff McBride qualifies as an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 203(e)(1). Plaintiff McBride consents to this action. *See* **Exhibit 1**.

9. Plaintiff Ledesma qualifies as an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 203(e)(1). Plaintiff Ledesma consents to this action. *See* **Exhibit 2**.

10. Defendant Y & W Corp. d/b/a Tangy Crab ("Tangy Crab") is a Michigan company maintaining its principal place of business in Lansing, Michigan, which is located within the Western District of Michigan. At all times mentioned herein, Tangy Crab was an "employer" or "joint employer" of Plaintiffs and the putative collective and class under the broad definitions in the FLSA and Michigan Minimum Wage Law.

11. Defendant Ohana Sushi Corp. d/b/a Ohana Sushi ("Ohana Sushi") is a Michigan company maintaining its principal place of business in Lansing, Michigan, which is located within the Western District of Michigan. At all times mentioned herein, Ohana Sushi was an "employer" or "joint employer" of Plaintiffs and the putative collective and class under the broad definitions in the FLSA and Michigan

Minimum Wage Law.

12. Defendant Does 1-10 are to be identified later through discovery as corporate entities and/or individuals who, together with the other identified Defendants, form a single enterprise and/or constitute joint employers under the FLSA and state law, are successors to any named Defendants, or are otherwise liable for the conduct alleged.

## GENERAL ALLEGATIONS

*Defendants' Business*

13. Defendants operate restaurants in Lansing, Michigan.

14. Plaintiff McBride worked as a server for Defendants from approximately May 2021 to April 2022. Plaintiff McBride worked at Defendants' Tangy Crab and Ohana Sushi locations.

15. Plaintiff McBride's primary job duties as a server were to serve drinks and food items to Defendants' customers.

16. Plaintiff Ledesma worked as a server for Defendants from approximately June 15, 2021 to October 30, 2022. Plaintiff Ledesma worked at Defendants' Tangy Crab location.

17. Plaintiff Ledesma's primary job duties as a server were to serve drinks and food items to Defendants' customers.

18. At all material times, Defendants were Plaintiffs' and the putative

5

collective's and class's "employer(s)" or "joint employer(s)."

*Defendants' Pay Practices*

19. As servers and bartenders, Plaintiffs and other similarly situated servers and/or bartenders, including putative collective and class members, were customarily tipped employees.

20. Defendants took tips from Plaintiffs and similarly situated employees and redistributed their tips to non-customarily tipped employees, such as managers, owners, bussers, dishwashers, and others.

21. Defendants did not require the tipped employees to sign any acknowledgment of their tips received before issuing paychecks.

22. Defendants made unlawful deductions from the wages of Plaintiffs and the putative collective by deducting the costs of walkouts, mis-rings, or drawer shortages out of their tips or base wages.

23. As a result of these violations, Defendants did not qualify to use the tip-credit provisions of the FLSA or Michigan Minimum Wage Law.

24. Defendants did not pay Plaintiffs and the putative collective and class members the minimum wage required for non-tipped employees.

25. Defendants deprived Plaintiffs and the putative collective and class members of overtime pay in violation of the FLSA.

26. Defendants knowingly and willfully refused to pay Plaintiffs lawfully

under the FLSA.

27. Defendants' payment policies were not based on a good faith and reasonable belief that they complied with the FLSA.

28. Defendants are the "employer" of Plaintiffs and the putative collective and class because they act "directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).

## FLSA COLLECTIVE DEFINED

29. Plaintiffs bring Count I and Count II under the FLSA as an "opt-in" collective action on behalf of the following collective of similarly situated individuals pursuant to 29 U.S.C. § 216(b) ("the Collective"):

> All of Defendants' current and former employees who Defendants paid using a tip credit at a rate less than the federal minimum wage at any time starting three years before this Complaint was filed through the time of judgment in this matter.

30. The FLSA claims may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b).

31. Plaintiffs, individually and on behalf of other similarly situated employees, seek relief on a collective basis challenging Defendants' practice of failing to pay employees federal minimum wage and overtime premiums. The number and identity of other plaintiffs yet to opt-in may be ascertained from Defendants' records, and potential class members may be notified of the pendency of this action via mail or email.

32. Plaintiffs and all of Defendants' tipped employees are similarly situated in that:

   a. They worked in a food service capacity for Defendants serving drinks and food items to Defendants' customers.

   b. They performed the same or similar work receiving sub-minimum wages as tipped employees.

   c. Defendants subjected them to the same pay policies and practices.

   d. They received tips while working for Defendants; and

   e. Defendants deducted from and took their tips and distributed their tips to employees who are not customarily tipped.

## **STATE LAW CLASS DEFINED**

33. The state law claims arise under the same common nucleus of facts and the same transaction or occurrence as the federal law claims.

34. Plaintiffs bring Count III of this lawsuit pursuant to FED. R. CIV. P. 23 on behalf of themselves and as the Class Representatives of the following persons ("the Class"):

> All of Defendants' current and former employees who Defendants paid using a tip credit at a rate less than the Michigan minimum wage at any time starting three years before this Complaint was filed through the time of judgment in this matter.

35. Plaintiffs' state law claims asserted in Count III satisfy the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

36. The Class sought in Count III satisfies the numerosity requirement as it consists of at least fifty to one hundred workers. Therefore, joinder of all Class members in a single action is impracticable.

37. Questions of fact and law common to the Class sought in Count III predominate over any questions affecting only individual members. These questions of law and fact common to the Class arising from Defendants' actions include but are not limited to:

    a. Whether they have worked as tipped employees for Defendants.

    b. Whether they performed the same or similar work.

    c. Whether Defendants subjected them to the same pay policies and practices.

    d. Whether they received tips while working for Defendants.

    e. Whether tips were taken to pay employees who are not customarily tipped while putative class members were working as tipped employees for Defendants; and

    f. Whether Defendants require them to sign acknowledgements related to tips received.

38. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, efficiency, economy, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claim.

39. Plaintiffs' claims are typical of those of the Class sought in Count III in that:

    a. Plaintiffs and the Class have worked in a food service capacity for Defendants serving drinks and food items to Defendants' customers.

    b. Plaintiffs and the Class were subject to the same pay policies and practices of Defendants.

    c. Plaintiffs and the Class received tips while working for Defendants.

    d. Plaintiffs and the Class had their tips taken while working as tipped employees for Defendants; and

    e. Defendants did not consistently require Plaintiffs and the Class to sign acknowledgements related to tips.

40. Plaintiffs are adequate representatives of the Class sought in Count III because they are members of the Class and their interests do not conflict with the interests of the members of the Class they seek to represent. The interests of the members of the Class sought in Count III will be fairly and adequately protected by

Plaintiffs and the undersigned counsel, who have extensive experience prosecuting complex wage and hour, employment, and class action litigation.

41. Maintenance of the claim asserted in Count III as a class action is superior to other available methods for fairly and efficiently adjudicating the controversy as members of the Class have little interest in individually controlling the prosecution of separate class actions, no other litigation is pending over the same controversy, it is desirable to concentrate the litigation in this Court due to the relatively small recoveries per member of the Class, and there are no material difficulties impairing the management of a class action.

42. It would be impracticable and undesirable for each member of the Class sought in Count III who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action is superior and can determine, with judicial economy, the rights of all Class members.

## COUNT I
### FAILURE TO PAY MINIMUM WAGE AND OVERTIME PURSUANT TO THE FLSA, 29 U.S.C. § 206
*On Behalf of Plaintiffs and those similarly situated*

43. Plaintiffs hereby incorporate by reference and reassert the allegations set forth above.

44. At all relevant times, Defendants were "employer(s)" or "joint employer(s)" of Plaintiffs and the putative collective within the meaning of the FLSA, 29 U.S.C. § 203(d).

45. Defendants are engaged in "commerce" and/or in the production of "goods" for "commerce" as defined in the FLSA.

46. Defendants operate an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), because they have employees engaged in commerce, and because their annual gross volume of sales made is more than five hundred thousand U.S. Dollars ($500,000.00).

47. Defendants are subject to the FLSA's minimum wage and overtime requirements because they form an enterprise engaged in interstate commerce and their employees are engaged in commerce.

48. Defendants paid servers and bartenders less than the required federal minimum wage.

49. Defendants took tips from Plaintiffs and the putative collective in order to compensate managers and owners, and supplement wages of employees who do not regularly receive tips and do not have more than a *de minimis* interaction with the customers giving the tips to Plaintiffs and the putative collective.

50. Defendants, pursuant to their policy and practice, violated the FLSA by refusing and failing to pay federal minimum wage to Plaintiffs and the putative

collective through implementing and enforcing an unlawful tip pooling system.

51. Defendants required Plaintiffs and the putative collective to share a portion of their tips with employees who did not work in positions that are regularly tipped, in violation of 29 U.S.C. § 203(m).

52. Defendants made unlawful deductions from the wages of Plaintiffs and the putative collective by deducting the costs of walkouts, mis-rings, or drawer shortages out of their tips or base wages.

53. Defendants knew or should have known that their pay policies, practices, and methodology result in failure to compensate their tipped employees at the federal minimum wage.

54. Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result, Plaintiffs are entitled to recover an award of liquidated damages in the amount equal to the amount of unpaid wages.

55. As a result of the willful violations of the FLSA's minimum wage provisions, Defendants are liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

56. Plaintiffs seek judgment against Defendants and request compensation for unpaid wages, liquidated damages, attorneys' fees and costs, pre-judgment and

post-judgment interest as provided by law, and such other relief as the Court deems fair and equitable.

## COUNT II
### TIP STEALING IN VIOLATION OF THE FLSA, 29 U.S.C. § 203
### *On Behalf of Plaintiffs and those similarly situated*

57. Plaintiffs hereby incorporate by reference and reassert the allegations set forth above.

58. At all relevant times, Defendants were "employer(s)" or "joint employer(s)" of Plaintiffs and the putative collective within the meaning of the FLSA, 29 U.S.C. § 203(d).

59. Defendants are engaged in "commerce" and/or in the production of "goods" for "commerce" as defined in the FLSA.

60. Defendants operate an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), because they have employees engaged in commerce, and because their annual gross volume of sales made is more than five hundred thousand U.S. Dollars ($500,000.00).

61. Plaintiffs customarily and regularly received more than thirty U.S. Dollars ($30.00) a month in tips and are therefore tipped employees as defined in the FLSA. 29 U.S.C. § 203(t); 29 C.F.R. § 531.50.

62. Under 29 U.S.C. § 203(m)(2)(B), "[a]n employer may not keep tips received by its employees for any purposes, including allowing managers or

supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."

63. Defendants required Plaintiffs and collective members to pay a portion of their tips back to the house to supplement the hourly pay of non-tipped employees.

64. Defendants required Plaintiffs to participate in an illegal tip pool, which included employees who do not customarily and regularly receive tips, and do not have more than a *de minimis*, if any, interaction with customers leaving the tips (such as hosts, hostesses, food runners, and expeditors).

65. The contributions Defendants required Plaintiffs and the putative collective to make after each shift were arbitrary and capricious, and distribution was not agreed to by Plaintiffs or the putative collective. Instead, Defendants imposed this unlawful system on Plaintiffs and the putative collective.

66. Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result, Plaintiffs are entitled to recover an award of liquidated damages in the amount equal to the amount of unpaid wages.

67. As a result of the willful violations of the FLSA's minimum wage provisions, Defendants are liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

68. Plaintiffs seek judgment against Defendants and request compensation for unpaid wages, liquidated damages, attorneys' fees and costs, pre-judgment and post-judgment interest as provided by law, and such other relief as the Court deems fair and equitable.

## COUNT III
### FAILURE TO PAY MINIMUM WAGE PURSUANT TO MICHIGAN MINIMUM WAGE LAW
*On Behalf of Plaintiffs and the Rule 23 Class*

69. Plaintiffs hereby incorporate by reference and reassert the allegations set forth above.

70. Michigan Minimum Wage Law provides that "[a]n employer shall not pay any employee at a rate that is less than prescribed…." MCL 408.413; MCL 408.933.

71. The WOWA requires employers to pay employees a minimum hourly wage of $8.90 beginning January 2017 and $9.25 beginning January 1, 2018. MCL 408.414(1). The IWOWA requires employers to pay employees a minimum hourly wage of $9.45 beginning March 29, 2019 and $9.65 in the calendar years 2020 and 2021. *See* MCL 408.934(1).

72. At all relevant times, Plaintiffs and the Class Members were "employees" of Defendant as defined by Michigan Minimum Wage Law. MCL 408.412(d); MCL 408.932(c).

73. At all relevant times, Plaintiffs and the Class Members have been entitled to the rights, protections, and benefits provided by Michigan Minimum Wage Law.

74. Defendants, pursuant to their policy and practice, violated Michigan Minimum Wage Law by failing and refusing to pay state minimum wage for all hours worked by Plaintiff and the Class Members.

75. Defendants are not eligible and cannot meet the burden to establish eligibility to use the "tip-credit" exemption.

76. The "tip-credit" exemption does not apply because, among other things, Defendants:

    a. Deprive plaintiffs value of all tips and wage earned

    b. Maintain policies that deduct wages for walkouts and errors

    c. Fail to obtain verifications required to be eligible to use the tip credit under Michigan minimum wage law.

77. Plaintiff and the Class Members have been subjected to a uniform and employer-based policy. This uniform policy, in violation of Michigan Minimum Wage Law, has been applied, and continues to be applied, to all tipped employees employed by Defendants.

78. Plaintiffs and the proposed Class Members seek damages to compensate them for unpaid wages, an award of liquidated damages in an amount

17

equal to the amount of unpaid wages under MCL 408.419(1)(a) and MCL 408.939(1)(a), attorneys' fees and expenses incurred in prosecution of this action, and such other relief as the Court deems fair and equitable.

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs seek the following relief on behalf of themselves and the Members of the putative FLSA Collective and Rule 23 Class:

A. An Order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential members of the FLSA Collective;

C. An Order permitting this litigation to proceed as a class action pursuant to FED. R. CIV. P. 23 on behalf of the Michigan Rule 23 Class;

D. An Order appointing Plaintiffs' attorneys as Class Counsel;

E. Back pay damages (including unpaid overtime compensation and unpaid wages) and prejudgment interest to the fullest extent permitted under the law;

F. Liquidated damages to the fullest extent permitted under the law;

G. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

H. Such other and further relief as this Court deems just and proper.

        Respectfully submitted,
        BLANCHARD & WALKER PLLC

        /s/ David M. Blanchard
        David M. Blanchard (P67190)
        Kelly R. McClintock (P83198)
        *Attorneys for Plaintiff*
        221 North Main Street, Suite 300
        Ann Arbor, MI 48104
        (734) 929-4313
        blanchard@bwlawonline.com
        mcclintock@bwlawonline.com

Date: May 25, 2023